UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **CLAUDE ALLEN NEWSOME** | **CIVIL ACTION** |
| VS. | NO. 15-1195 |
| **JOEL A. MENDLER, BALDWIN,<br>HASPEL, BURKE & MAYER, LLC,<br>& REGIONS BANK** | SECTION "C" |


### ORDER AND REASONS

Before the Court is plaintiff's Motion to Remand, which defendants oppose, and defendants' Joint Motion to Transfer and, in the Alternative, to Stay, which plaintiff opposes. Rec. Docs. 12, 26, 7, 25. In addition, the defendants have moved for leave to supplement the record, and plaintiff has opposed. Rec. Docs. 29, 30. Having considered the record, the arguments of the parties, and the law, the Court DENIES the Motion to Remand; GRANTS IN PART and DENIES IN PART the Motion to Transfer; and GRANTS the Motion for Leave to Supplement the Record, for the reasons discussed herein.


I.    **Background**

This is an action for breach of fiduciary duty, negligence, and legal malpractice. The procedural history of this case is complex, and the Court will discuss only the events that affect its ruling on whether it may entertain jurisdiction over the action.

1

On November 23, 2010, the plaintiff, Claude Allen Newsome, was involved in an automobile accident that rendered him quadriplegic. Rec. Doc. 2-4 at 4; Rec. Doc. 2-2 at 6. He did not suffer any cognitive impairment in the accident, and defendants have not asserted otherwise. Rec. Doc. 2-4 at 4. Prior to the accident, plaintiff was already legally blind. Rec. Doc. 29-3 at 12. A few days after the accident, Newsome executed a General Power of Attorney in favor of Robert Eugene Lansdale ("Lansdale"). *Id*. at 2. Lansdale subsequently engaged attorney Norman R. Gordon ("Gordon") to represent Newsome in seeking recovery for the automobile accident. *Id*. On December 3, 2010, Gordon filed a suit for damages sustained in the accident in the 26th Judicial District Court for Bossier Parish, State of Louisiana. Rec. Doc. 2-4 at 16. The suit was filed on behalf of Lansdale "as curator of Claude Allen Newsome." *Id*. On December 13, 2010, Gordon petitioned on behalf of Lansdale for Newsome's limited interdiction and to have Lansdale appointed as "provisional curator." Rec. Doc. 29-3 at 2. Plaintiff claims he was unaware of the petition for interdiction. The petition was granted on the same day, without a hearing or the presentation of evidence. Rec. Doc. 2-4 at 4-5.

On January 4, 2011, the personal injury action was removed to the United States District Court for the Western District of Louisiana ("Western District Court"). Rec. Doc. 2-4 at 5. On January 16, 2014, the parties underwent mediation and reached a settlement, with plaintiff agreeing to accept $7.4 million and to abandon his claims. Rec. Doc. 2-4 at 6. Both Lansdale and Newsome were present at the mediation. Rec. Doc. 29-3 at 3.

On February 5, 2014, Gordon sent a letter to the Western District Court stating that he wished to withdraw as counsel for Newsome because he believed a conflict of interest had arisen. Specifically, Gordon claimed that on several occasions Lansdale had intercepted Newsome's supplemental security income (SSI) checks rather than allowing them to go to the

2

rehabilitation center that cared for Newsome. Moreover, following settlement, Lansdale had stated to Gordon that there were no laws to prevent Newsome from having all of the settlement funds turned over to Lansdale. *Id*. Based on these and other interactions, Gordon expressed concern that Lansdale would not use all of the settlement proceeds for Newsome's benefit. *Id*. at 4. Gordon requested a telephone status conference with the Court to discuss his withdrawal as counsel of record and to receive payment from settlement proceeds accordingly, and to entertain a motion to remove Lansdale as Newsome's curator. *Id*. at 4-5.

On February 19, 2014, the Western District Court held a status conference and ordered the attorneys to begin the process of creating a "special needs" trust ("the Trust") to ensure that the settlement funds would be used for Newsome's care. Rec. Doc. 2-4 at 6. Thereafter, Gordon submitted a proposed order appointing Regions Bank ("Regions") as corporate trustee and Stella Jean Godley ("Godley"), Newsome's aunt, as trustee over Newsome's person. The Court signed the order, and also ordered that the trust contain a set aside specifically for Medicare costs. Rec. Doc. 29-3 at 5; Rec. Doc. 2-4 at 7. In addition, Gordon arranged for Joel Mendler to prepare the trust documents. *Id*.

Plaintiff claims that Mendler and Regions were aware that plaintiff opposed the creation of the trust. *Id*. at 7. Plaintiff alleges a number of actions that Mendler took in relation to the trust that were against plaintiff's wishes and without plaintiff's knowledge and consent. *Id*. at 8-11. On April 24, 2014, Gordon filed a motion for disbursement of registry funds, which included multiple distributions that Newsome states he had not approved in the settlement agreement. *Id*. at 11. The next day, the Western District Court granted the motion, and Newsome's settlement funds were deposited into the Trust. *Id*. Newsome claims that since its appointment as trustee,

Regions Bank has never visited Newsome or sent an authorized representative to visit him and inspect his living conditions, as required under the terms of the trust. *Id*. at 13.

Following the Western District Court's orders regarding the creation of the Trust, Newsome requested that Regions dissolve the trust and place him in possession of his property. *Id*. at 12. Regions refused, instead filing a motion to intervene in the federal court proceedings. *Id*. at 12. Newsome filed a motion with the Western District Court to vacate the orders creating the trust, and Regions opposed. *Id*. at 12. Regions also reimbursed itself for legal fees incurred in opposing the motion. *Id*. at 12.

On March 16, 2015, Newsome filed suit against Mendler; Mendler's law firm, Baldwin, Haspel, Burke & Mayer; and Regions Bank in the Civil District Court for the Parish of Orleans, State of Louisiana, for breach of fiduciary duty, negligence, and legal malpractice. *Id*. at 13-14. Defendants removed the action to this Court on April 14, 2015. Rec. Doc. 2. On April 29, 2015, Regions Bank moved to transfer the case to the Western District Court or, in the alternative, to stay the case pending the Western District Court's resolution of whether its creation of the trust was valid and the extent of Region's duties to Newsome. Rec. Doc. 7-2 at 6. On May 6, 2015, Newsome moved to remand. Rec. Doc. 12.

On June 29, 2015, the Western District Court rendered a memorandum ruling finding, *inter alia*, that it possessed the authority to order the creation of the Trust and denying Newsome's motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). Rec. Doc. 29-3 at 10. Newsome has appealed the order. Rec. Doc. 29-5.

## II.     Standard of Review

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Id*. The removal statute is strictly construed. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995). The question of whether a claim "arises under" federal law must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm., Inc. v. Thompson*, 487 U.S. 804, 808 (1986). However, a court may find that a state-law claim "arises under" federal law if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

## III.    Law and Analysis

Newsome contends that this case should be remanded to the state court because this Court lacks jurisdiction. Rec. Doc. 12-1 at 1. Specifically, Newsome argues that the claims in his petition do not arise under federal law because breach of fiduciary duty, negligence, and legal malpractice are causes of action that arise from obligations owed to Newsome under state law. *Id*. at 7. Defendants respond that the Court has federal question jurisdiction because the state law claims implicate significant federal issues. Rec. Doc. 26 at 5.

The Fifth Circuit has set forth a test for determining whether removal is appropriate in such situations. In *Singh v. Duane Morris LLP*, the Fifth Circuit held:

> federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities.

538 F.3d 334, 338 (5th Cir. 2008). The Fifth Circuit emphasized that "the fact that a substantial federal question is necessary to the resolution of a state-law claim is not sufficient to permit federal jurisdiction. . ." and that the mere "presence of a disputed federal issue . . . [i]s never necessarily dispositive." *Id.* (quoting *Merrell Dow Pharms, Inc. v. Thompson*, 478 U.S. 804, 813 (1986). Thus, the test requires that the Court employ "careful judgment about the exercise of federal judicial power in an area of uncertain jurisdiction. *Id*.

Applying the Fifth Circuit's test in *Singh*, the Court finds that federal jurisdiction exists. Defendants assert that "it would be impossible to determine whether the defendants were somehow 'at fault' without first determining – as a threshold issue – whether Judge Hicks had the authority to create, approve, and fund the Trust." Rec. Doc. 26 at 7. The Court agrees. Although plaintiff argues that his claims for negligence, breach of fiduciary duty, and legal malpractice arise under state law, they necessarily implicate the question of whether the Western District Court had the legal authority under federal common law to create the trust at issue. This question is one of federal law on which sister circuits have spoken. *See Hull by Hull v. U.S.*, 971 F.2d 1499 (10th Cir. 1992) (District court possess "inherent authority to structure awards or to impose trusts or reverter conditions to ensure that the damage recovery is in the best interest of the victim."); *Reilly v. U.S.*, 863 F.2d 149, 170 (1st Cir. 1988) (District court "has power (1) to ensure that the recovery benefits the victim, and (2) to exercise strict supervision over investment and use of the funds if the victim is a legal incompetent or otherwise in need of protection").

Plaintiff's own petition admits that the scope of the Western District Court's authority is central to the claims for recovery. The petition reads that Mendler "should have been aware that there is absolutely no authority for a District Court, sitting in diversity, to mandate the establishment of a special needs trust. Rec. Doc. 2-4 at 8. The petition further alleges that

Regions "failed to disclose to the District Court that Its orders lacked legal grounds. . . ." *Id*. at 10. Finally, the petition alleges that all three defendants "were aware, or should have been aware, that there was absolutely no authority to create a trust against a fully competent adult's will. . ." *Id*. at 14. Plaintiff's petition for recovery demonstrates that the legality of the Western District Court's actions is central to the adjudication of his claims. Whether defendants owed the plaintiff a duty of knowing that the Western District Court acted illegally cannot be decided without first knowing if the court did in fact act outside of the bounds of its authority. Therefore, the Court finds *Singh*'s first prong is met.[1]

The second prong of *Singh* is also met. On June 29, 2015, the Western District Court determined, *inter alia*, that the court had authority to place the settlement funds in trust and that Newsome was not entitled to relief from judgment under Rule 60(b). Rec. Doc. 29-2; 29-3. Newsome has appealed the ruling, submitting the issues for review by the Fifth Circuit. Thus, the federal issue is clearly in dispute.

Turning to the third prong, the Court finds that it is met for the same reasons discussed above in its reasoning for the first prong.

Finally, the Court finds that federal jurisdiction will not disturb the balance of federal and state judicial responsibilities. On the contrary, if the state court were to proceed with plaintiff's claims, it would be required to grapple with the extent of a federal district court's powers even as the same issue is on appeal with the Fifth Circuit—a proposition that would surely risk inappropriate encroachment of a state court into issues of federal law.

---

[1] The nature of defendants' duties to plaintiff is at the heart of each of plaintiff's claims. A negligence claim requires the Court to determine whether the defendants had a duty to confirm their conduct to a specific standard. *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La. 2001). A breach of fiduciary duty claim requires a consideration of whether there was a "special relationship between the parties" which "require[ed] the fiduciary to handle the matter as though it were his own affair." *Beckstrom v. Parnell*, 730 So.2d 942, 947-48 (La. Ct. App. 1998). A claim of legal malpractice likewise requires a showing of negligence by the attorney, which again refers back to the nature of the attorney's duty to the client. *Jones v. ABC Ins. Co.*, 130 So.3d 35, 40-41 (La. Ct. App. 2013). Thus, plaintiff's claims cannot be fully adjudicated without knowing whether the trust was validly created.

Thus, the Court finds that the *Singh* factors are met, and that the Court has jurisdiction over the instant action. However, the Court notes that the Fifth Circuit's review may ultimately resolve the significant federal law issue implicated in this case, in which case remand may be appropriate. Therefore, the Court finds that proceedings in this case should be stayed to allow plaintiff the opportunity to re-urge his motion to remand, if appropriate, following a ruling on its appeal of the Western District Court's memorandum ruling.

Accordingly, IT IS ORDERED that the Motion to Remand is DENIED. IT IS FURTHER ORDERED that the Motion to Transfer is DENIED AS MOOT. Finally, the Motion for Leave to Supplement the Record is GRANTED.

New Orleans, Louisiana, this 20th day of August 2015.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE